1

2                                              *E-FILED:  August 27, 2013*

3

4                              UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    PACIFIC METRO, LLC and THE                   Case No.  C13-02216 HRL
     THOMAS KINKADE COMPANY, LLC fka
8    MEDIA ARTS GROUP, INC.,

9              Petitioners,                       ORDER DIRECTING PETITIONERS
                                                  TO SHOW CAUSE RE SUBJECT
10        v.                                      MATTER JURISDICTION

11   LE INVESTMENTS, INC. and DARRELL
     TAYLOR,
12
               Defendants.
13        Pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., petitioners filed this

14   action for an order confirming a $10,853.12 arbitration award issued on April 11, 2013.[1]  Now

15   pending before the court is the parties' stipulated request for entry of judgment based on that

16   award.  Having reviewed those papers and all other matters of record in this proceeding, the court

17   directs petitioners to show cause why this matter should not be dismissed for lack of subject

18   matter jurisdiction.

19        Under the FAA, and unless otherwise agreed by the parties, a petition to confirm, vacate,

20   or modify an arbitration award may be made to the district court "for the district in which the

21   award was made."  9 U.S.C. §§ 9, 10, 11.  "However, the FAA does not itself confer jurisdiction

22   on federal district courts over actions to compel arbitration or to confirm or vacate arbitration

23   awards, nor does it create a federal cause of action giving rise to federal question jurisdiction

24   under 28 U.S.C. § 1331."  United States v. Park Place Associates, Ltd., 563 F.3d 907, 918 (9th

25   Cir. 2009) (citations omitted).  Thus, a federal court has jurisdiction to enter judgment on an

26   arbitration award only where an independent basis for federal jurisdiction exists.  Id.

27   _____

28   [1] All parties have expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Petitioners invoke this court's diversity jurisdiction under 28 U.S.C. § 1332.  Federal

2    district courts have jurisdiction over civil actions in which the matter in controversy exceeds the

3    sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different

4    states.  28 U.S.C. §1332.  The petition asserts that the parties are citizens of different states, but

5    says nothing at all about the amount in controversy.

6    Caselaw suggests that the determination whether the jurisdictional amount is based on the

7    amount in controversy in the underlying litigation, or whether it is instead based on the amount of

8    the arbitration award, depends on whether a party seeks to re-open the arbitration proceedings.  In

9    Theis Research, Inc. v. Brown & Bain, the Ninth Circuit held that the amount at stake in the

10   underlying litigation, not the amount of the arbitration award, is the amount in controversy for

11   purposes of diversity jurisdiction.  400 F.3d 659 (9th Cir. 2005).  In that case, the plaintiff

12   simultaneously filed a motion to vacate an arbitration award, as well as a complaint seeking over

13   $200 million.  Viewing plaintiff's complaint for damages as the functional equivalent of a request

14   to reopen the arbitration proceedings, the Ninth Circuit concluded that the required jurisdictional

15   amount was met.  In reaching its decision, the Ninth Circuit noted that circuits are split, but that its

16   conclusion nevertheless was consistent with decisions in other circuits where parties "seeking to

17   vacate an arbitration award also sought to reopen the arbitration."  Id. at 664.  In those cases,

18   courts looked to the amount in controversy in the underlying litigation, and not the arbitration

19   award, as the jurisdictional amount.  The Ninth Circuit further noted that its decision was also in

20   keeping with cases where the plaintiffs simply sought to vacate the arbitration awards and did not

21   seek additional relief---in which case, the courts looked to the arbitration award as the amount in

22   controversy.  Id. at 665.

23   Following Theis, courts have held that "[w]hen a petitioner seeks confirmation or vacatur

24   of an award, without seeking a remand for further arbitration proceedings, the amount in

25   controversy is the value of the award itself to the petitioner."  Hansen Bev. Co. v. DSD

26   Distributors, No. 08cv0619, 2008 WL 5233180 at *5 (S.D.Cal. Dec. 12, 2008) (quotations and

27   citation omitted).  See also Coffey v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. CV12-

28   00176 PA (PJWx), 2012 WL 94545 at *5 (C.D. Cal., Jan. 11, 2012) (same).  Cf. Shannon

2

1   <u>Associates LLP v. MacKay</u>, No. C09-4184 CW, 2009 WL 4756568 at *3 (N.D. Cal., Dec. 8,

2   2009) (concluding that petition to confirm a $7,000 arbitration award did not meet the required

3   amount for diversity jurisdiction, but that petitioners' request to strike the arbitrators' $260,000

4   offset in damages satisfied the jurisdictional amount).

5          Here, unlike <u>Theis</u>, no one asks this court to reopen the arbitration proceedings.  Nor does

6   anyone ask for relief that might be deemed the functional equivalent of such a request.  Petitioners

7   (with respondents' stipulation) simply seek to have this court confirm the arbitration award that

8   amounts to a little over $10,000, far below the $75,000 jurisdictional minimum.

9          Accordingly, petitioners are directed to file a response to this order, showing cause why

10  this matter should not be dismissed for lack of subject matter jurisdiction, without prejudice to

11  seek confirmation of the arbitration award in a proper forum.  Petitioners' response shall be filed

12  no later than **September 10, 2013** and shall not exceed 5 pages.

13         **SO ORDERED**.

14  Dated:   August 27, 2013

15  _____

16  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3

1   5:13-cv-02216-HRL Notice has been electronically mailed to:

2   Dana Nisen Levitt      dlevitt@zuberlaw.com, lmartinez@zuberlaw.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California